FILED
2017 Mar-31  PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANA ANDERSON,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **2:12-cv-00598-AKK** |
| **SURGERY CENTER OF** | ) | |
| **CULLMAN, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

The court has for consideration plaintiffs' partial motions for summary judgment as to Surgery Center of Cullman, Inc., Surgery Center of Cullman, L.L.C., Surgical Care Affiliates, L.L.C., and Cullman Outpatient Surgery, L.L.C.'s (hereinafter, the entity defendants) and Dr. Kevin Johnson's affirmative defenses. Docs. 138 and 141.[1]  For the reasons explained below, the motions are due to be granted only as to the administrative prerequisite defense asserted by the entity defendants and some aspects of the statute of limitations defense asserted by all defendants.

---

[1] The magistrate judge did not issue a recommendation on these motions because "[t]he availability of the affirmative defenses depends on issues the [magistrate judge] addresses in [the] report and recommendation, which the court may or may not accept."  *See* doc. 249 at 67.

### A. The entity defendants' affirmative defenses

Plaintiffs seek summary judgment as to the entity defendants' *Faragher-Ellerth*, administrative prerequisites,[2] statute of limitations, "like or related claims," laches/waiver/estoppel/unclean hands, and "same action regardless of impermissible motive" affirmative defenses. *See* doc. 138 at 64–78.

#### 1. *Faragher-Ellerth*

The *Faragher-Ellerth* defense allows an employer to escape vicarious liability if it proves "(1) that the employer exercised reasonable care to prevent and promptly correct harassing behavior and (2) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer, or to avoid harm otherwise." *Faragher v. City of Boca Raton*, 524 U.S. 755, 807 (1998). According to plaintiffs, the defense is not available here because, (1) as to the first prong — the defendants appointed Dr. Johnson as Medical Director even though he had a "reputation for sexually inappropriate behavior in the workplace" and had previously been sued for sexual harassment, doc. 138 at 65; failed to train Dr. Johnson and the management team of the Surgery Center on the sexual harassment or retaliation policy, *id.* at 66; and conducted flawed investigations, *id.* at 68; and, (2) as to the second prong —

---

[2] SCA concedes that plaintiffs timely filed their EEOC charges and lawsuit. *See* doc. 112 at 5. Therefore, as to the administrative prerequisites, plaintiffs' motion is due to be granted.

plaintiffs contend that they acted reasonably by utilizing SCA's procedures to report Dr. Johnson, *id.* at 73.

There are factual disputes regarding both the adequacy of defendants' preventative and remedial measures and the reasonableness of plaintiffs' steps to purportedly protect themselves. For example, both Anderson and Lackey resigned before Dr. Johnson returned from his mandated leave of absence. This fact supports an argument that they did not give SCA's 2011 remedial measures an opportunity to work. Likewise, as to whether SCA exercised reasonable care to prevent harassment, SCA has a sexual harassment policy, *see* doc. 140-58 at 16–17, which it disseminates to each new employee in a Teammate Handbook, including during the relevant period. Although "an employer's showing that it has a sexual harassment policy does not automatically satisfy its burden," *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1314 (11th Cir. 2001), evidence of such a policy helps the employer meet its burden unless the employer "entirely failed to disseminate that policy," *Faragher*, 524 U.S. at 808. *See also Swindle v. Jefferson County Comm'n*, 593 F. App'x 919, 923 (11th Cir. 2014) ("[A] formal anti-harassment policy is some proof that the employer exercised reasonable care to prevent harassing behavior.").

Moreover, after the 2010 complaints, Lynne Hammack promptly initiated an investigation during which she interviewed various employees and arranged for

3

employees to take anonymous surveys to describe the work environment. *See* docs. 140-55 at 8–10; 140-6 at 2; *Baldwin v. Blue Cross/Blue Shield*, 480 F.3d 1287, 1304 (11th Cir. 2007) ("All that is required of an investigation is reasonableness in all of the circumstances. . . ."). There is also evidence that SCA's Regional Vice President counseled Dr. Johnson, *see* doc. 140-55 at 9, and the Eleventh Circuit has stated that "warnings and counseling of the harasser are enough where the allegations are substantiated." *Baldwin*, 480 F.3d at 1305 (citing *Fleming v. Boeing Co.*, 120 F.3d 242, 246–47 (11th Cir. 1997)). Finally, the record contains evidence that both the 2010 and 2011 investigations had at least some remedial effect. *See* docs. 140-31 at 142, 150–51. In sum, "even if the process in which an employer arrives at a remedy in the case of alleged sexual harassment is somehow defective, the defense is still available if the remedial result is adequate." *Baldwin*, 480 F.3d at 1305 (citing *Walton v. Johnson & Johnson Servs.*, 347 F.3d 1272, 1288 (11th Cir. 2003)).

For all of these reasons, plaintiffs' motion as to the *Faragher-Ellerth* defense is due to be denied.

### 2. Statute of Limitations

Plaintiffs contend that there is "no record evidence to support" defendants' contention that some of plaintiffs' claims are time-barred. Doc. 138 at 75. The court disagrees, in part. Plaintiffs filed this lawsuit on February 21, 2012, *see* doc.

1, and except for their assault and battery claims, which have a six-year limitations period, *see* Ala. Code § 6-2-34(1) (1975), a two-year limitations period applies to all of their claims. Because the record shows that at least some of Anderson's allegations predate 2010, *see, e.g.*, doc. 140-31 at 91, 96 (Anderson told the compliance hotline in January 2010 that Dr. Johnson had kissed her, pulled her hair, written a "sex word of the week" on the PACU calendar, and choked her), defendants are entitled to raise this affirmative defense as to at least some of Anderson's claims at trial. The court agrees, however, that the statute of limitations defense does not apply to any of Lackey's claims, as Lackey began her employment in June 2010. *See* doc. 145-2 at 14.

> 3. <u>"Like or Related Claims," Laches/Waiver/Estoppel/Unclean Hands, and "Same Action Regardless of Impermissible Motive"</u>

As to the entity defendants' remaining affirmative defense, plaintiffs offer no specific arguments and state instead that defendants have not met their burden. *See* doc. 138 at 76–78. Because "[a] party seeking summary judgment has the initial responsibility of informing the Court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact," *Miller v. Bed, Bath & Beyond, Inc.*, 185 F. Supp. 2d 1253, 1257 (N.D. Ala. 2002) (citing *Celotex Corp. v. Catrett*,

5

477 U.S. 317, 323 (1986)), and plaintiffs have not made this showing, their motion is due to be denied as to these defenses.

### B. Dr. Johnson's affirmative defenses

Plaintiffs also seek summary judgment as to Dr. Johnson's "fifty-six affirmative defenses." *See* doc. 141 at 60. Plaintiffs' motion is **MOOT** as to any defenses regarding the Title VII claims against Dr. Johnson because there is no individual liability under Title VII. As to plaintiffs' state law claims against Dr. Johnson, plaintiffs fail to specifically address any of the affirmative defenses and instead generally state that Dr. Johnson has not shown that the defenses are "supported by the record evidence." This is not sufficient, *see Miller*, 185 F. Supp. 2d at 1257, and their motion is due to be denied.

### CONCLUSION AND ORDER

For the reasons stated above, plaintiffs' partial motion for summary judgment as to the entity defendants, doc. 138, is **MOOT** as to any claims against SCC, L.L.C., SCC, Inc., and COPS, **DENIED** as to the *Faragher-Ellerth*, "Like or Related Claims," Laches/Waiver/Estoppel/Unclean Hands, and "Same Action Regardless of Impermissible Motive" defenses, **DENIED** as to statute of limitations for Anderson except as to Anderson's assault and battery claims, and **GRANTED** as to the administrative prerequisites defenses and statute of limitations as to Lackey. Plaintiffs' partial motion for summary judgment as to Dr.

Johnson, doc. 141, is **MOOT** as to any Title VII claims, and **DENIED** as to any affirmative defenses to state law claims.

    **DONE** the 31st day of March, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE
